IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIM DOWNS, | ) | |
| | ) | |
| Debtor-Appellant, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CV-0007-NJR |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) | Bankruptcy Case No. 15-31561 |
| | ) | |
| Movant-Appellee. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This is an appeal from the Bankruptcy Court's Order dated December 30, 2015, which granted Creditor/Appellee Federal National Mortgage Association's Motion for Relief from the Automatic Stay and Co-Debtor Stay (*In re Kim Downs*, Bankruptcy Case No. 15-31561, Doc. 41). The appeal is fully briefed. Downs filed her Appellant Brief with Appendix on March 23, 2016 (Doc. 8); Federal National Mortgage Association filed its Appellee Brief on April 22, 2016 (Doc. 11); and Downs filed a Reply Brief on May 6, 2016 (Doc. 12). For the reasons set forth below, the Court affirms the decision of the Bankruptcy Court.

### BACKGROUND

The Court adopts the background as set forth by the Bankruptcy Court and summarizes the lengthy procedural history that is not disputed by the parties (*See In re Kim Downs*, Bankruptcy Case No. 15-31561, Doc. 41).

On April 5, 2010, One West Bank, FSB ("One West"), the predecessor in interest to Federal National Mortgage Association ("FNMA"), filed a complaint in the St. Clair County Circuit Court to foreclose on its mortgage on the real estate known as 3521 Steinberg Farm Road, Belleville, Illinois 62226 ("Property"). The Property at that time was owned by Downs (formerly known as Kim Hawthorne) and Gerald Hawthorne, the mortgagors, and monthly mortgage payments had not been made in ten months. On June 24, 2010, the St. Clair County Circuit Court entered an Order of Default and a Judgment for Foreclosure and Sale of the Property, in the amount of $319,337.68. A judicial sale of the Property was held on April 25, 2011, at which time One West purchased the Property for the amount of its debt. On May 19, 2011, the St. Clair County Circuit Court entered an Order Approving the Report of Sale and Distribution. The Property was then deeded to FNMA on May 25, 2011.

Downs filed various post-judgment motions. In these motions, Downs argued that One West had not complied with a Consent Order between One West and the Office of Thrift Supervision, the transfer of the ownership of the note and mortgage was falsely attested to, One West did not have standing to bring the original foreclosure action, and One West may have committed fraud upon the St. Clair County Circuit Court. The post-judgment motions were denied, as the court found that Downs had not shown the existence of a meritorious defense that was likely to succeed.

On October 28, 2011, Downs appealed to the Illinois Appellate Court for the Fifth District, raising the same issues. On March 12, 2013, the Appellate Court affirmed the St. Clair County Circuit Court's ruling. *See OneWest Bank, FSB v. Hawthorne*, 2013 IL App

(5th) 110475. The Appellate Court agreed with the St. Clair County Circuit Court that Downs had failed to plead facts showing the existence of a meritorious defense to the foreclosure action. In addition, the Appellate Court concluded that Downs also had failed to demonstrate due diligence in pursuing or presenting her defense prior to the entry of the foreclosure judgment.

On October 29, 2013, Downs filed a separate lawsuit in the Circuit Court of St. Clair County against One West and two other defendants. In this lawsuit, Downs alleged that One West had not followed proper foreclosure procedures, had not been the legal holder of the mortgage and note, and had lacked standing in the foreclosure action. On February 11, 2014, the Court dismissed Downs's complaint with prejudice. Downs appealed that dismissal. On April 29, 2015, the Illinois Appellate Court for the Fifth District affirmed the dismissal, finding that her complaint was barred by the doctrine of *res judicata*. *See Downs v. OneWestBank*, FSB, 2015 IL App (5th) 140086-U.

Meanwhile, on June 11, 2013 (during the pendency of her state court proceedings), Downs filed for Chapter 13 bankruptcy. *In re Kim Downs*, Bankruptcy Case No. 13-31082. On July 3, 2013, the bankruptcy case was dismissed for failure to comply with an order requiring her to file documents. *In re Kim Downs*, Bankruptcy Case No. 13-31082, Doc. 43.

On August 7, 2013, Downs filed a second Chapter 13 bankruptcy case. *In re Kim Downs*, Bankruptcy Case No. 13-31457. On August 12, 2013, Creditor FNMA moved for relief from the automatic stay, which the Bankruptcy Court granted on October 8, 2013 (written order entered on October 22, 2013). Downs filed a Motion to Reconsider this

order, which was denied on November 26, 2013. On December 9, 2013, Downs appealed the denial of the Motion to Reconsider to the District Court. *See Downs v. Federal National Mortgage Association*, Case No. 14-0003.

The Bankruptcy Court dismissed her case on January 14, 2014, for failing to file an amended Chapter 13 plan. *In re Kim Downs*, Bankruptcy Case No. 13-31457, Doc. 63. On February 5, 2014, Downs filed a second Notice of Appeal to the District Court, this time appealing the dismissal of her Chapter 13 case. *See Downs v. Federal National Mortgage Association*, Case No. 14-1386.

The District Court dismissed both appeals. On January 20, 2015, the District Court dismissed Downs's appeal of the denial of her Motion to Reconsider on the basis of her failure to file requested documents, including her designation of the record, statement of issues to be presented, and opening brief. On February 19, 2015, the District Court dismissed Downs's appeal of the dismissal of her case, citing her failure to comply with Court rules and procedures.

Downs appealed both orders. On August 13, 2015, the Seventh Circuit Court of Appeals dismissed her first appeal as untimely. *In re Kim Downs*, Case No. 15-1376. On September 23, 2015, the Seventh Circuit affirmed the District Court's dismissal of her case for failure to prosecute. *In re Kim Downs*, Case No. 15-1370.

On October 5, 2015, Downs filed another Chapter 13 bankruptcy case. This is the case subject to this appeal. On October 30, 2015, FNMA filed a Motion for Relief from the Automatic Stay and Co-Debtor Stay (Doc. 17 in Bankruptcy Case No. 15-31561). In the motion, FNMA asserted that, despite the confirmation of the foreclosure sale, Downs has

continued to reside on the Property (*Id.*). Thus, FNMA sought relief from the stay in order to assert its possessory rights as owner of the Property (*Id.*). On December 30, 2015, the Bankruptcy Court granted the Motion for Relief from Automatic Stay and Co-Debtor Stay (Doc. 41 in Bankruptcy Case No. 15-31561). Downs appeals this ruling and asks this Court to reverse the Bankruptcy Court's decision.

## SUBJECT MATTER JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review the decision of the Bankruptcy Judge pursuant to 28 U.S.C. § 158, as the Bankruptcy Court's order lifting the automatic stay is a final appealable order. *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 954 (7th Cir. 2003) ("The district court's order granting the state's motion to lift the automatic stay was final and therefore appealable to us."). District courts apply a dual standard of review in bankruptcy appeals—the bankruptcy judge's findings of fact are reviewed for clear error, while conclusions of law are reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2003); *In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002). "But where the bankruptcy code commits a decision to the discretion of the bankruptcy court, we review that decision only for an abuse of discretion." *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009).

Section 11 U.S.C. § 362 commits the decision of whether to lift the automatic stay to the discretion of the bankruptcy judge. *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998). Thus, the bankruptcy judge's decision to lift the automatic stay may be overturned only upon a showing of abuse of discretion. *Id.*; *see also In re Alexander*, 435 F. App'x 563, 564 (7th Cir. 2011). "[A] court abuses its discretion when its decision is premised on an

incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *Wiese*, 552 F.3d at 588 (citing *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004)).

## ANALYSIS

Downs raises the following two issues on appeal: (1) "[w]hether the automatic stay should have been lifted if Debtor has possessory right under 11 U.S. Code § 541(a)(1) as she is currently residing in the property subject to this matter," and (2) "whether equity exists with Indy Mac and is owned by Debtor that was not taken in consideration during the judicial sale. The judicial sale that was obtained is hereby fraudulent under said grounds. Movant is adequately protected because the foreclosure sale is not valid." (Doc. 8, p. 5-6; Doc. 6, p. 3). Ultimately, the Court must determine whether the Bankruptcy Court abused its discretion by lifting the automatic stay.

The filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(1). This provision is "designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *Kimbrell v. Brown*, 651 F.3d 752, 755 (7th Cir. 2011).

FNMA moved for relief from the automatic stay in order to proceed with an action to evict or remove Downs from the Property (Doc. 17 in Bankruptcy Case No. 15-31561). In support, FNMA argued to the Bankruptcy Court that it was entitled to relief from stay on the following grounds: (1) it is the owner of the Property and wishes

to assert its possessory rights; (2) there is no equity in the Property; and (3) the Property is not necessary for an effective reorganization (Doc. 17, p. 2). FNMA also moved for relief of the co-debtor stay pursuant to 11 U.S.C. § 1301(c).

The Bankruptcy Court granted the motion on the record at a hearing held on December 15, 2015 (Doc. 39 in Bankruptcy Case No. 15-31561), and followed up with a written order entered on December 30, 2015 (Doc. 41 in Bankruptcy Case No. 15-31561). In that order, the Bankruptcy Court found that FNMA was entitled to relief from the automatic stay due to the fact that it is the legal owner of the subject Property, as a foreclosure sale of the Property took place in April 2011 and was confirmed May 19, 2011, resulting in a deed transferring the Property to FNMA.

Bankruptcy courts have discretion to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest" or, alternatively, if "the debtor does not have an equity in such property, and such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(1) & (d)(2). Under section 362(d)(2), the creditor seeking relief from the automatic stay initially bears the burden of showing that the debtor has no equity in the secured property. *See* 11 U.S.C. § 362(g). Once the creditor sustains that burden, the burden of proof then shifts to the debtor to show that the property is necessary to an effective reorganization. *See* 11 U.S.C. § 362(g)(2); *see also In re GAC Storage Lansing, LLC*, 485 B.R. 174, 201 (Bankr. N.D. Ill. 2013).

It is apparent that Downs has no equity in the Property[1] and she failed to carry her burden of proving that the Property in issue is necessary to an effective reorganization (*See* Doc. 17, p. 6-9 in Bankruptcy Case No. 15-31561). Additionally, cause existed as a basis to lift the stay because Downs does not have a legal interest in the Property. *See In re Williams*, No. A12-00620-GS, 2013 WL 1089262, at *3 (Bankr. D. Ala. Mar. 13, 2013) ("… having no title to the Property or ability to acquire title through the bankruptcy, cause exists to terminate the stay under 11 U.S.C. § 362(d)(1)"); *In re Dunlop*, 378 B.R. 85, 92 (Bankr. E.D. Pa. 2007) (the court terminated the bankruptcy stay under section 362(d)(1) where foreclosure sale had already occurred). As to Downs's argument that the Bankruptcy Court failed to take into account her possessory rights in the Property, this argument is unavailing. Although she continues to live on the Property, this alone "without any right of ownership or contractual right to possession, is not protected to any great degree by the bankruptcy stay." *See In re Dunlop*, 378 B.R. at 92. Downs has cited to no case law supporting the contrary.

As to Downs's argument that the 2011 foreclosure sale was fraudulent, the state court has upheld the 2011 foreclosure sale and rejected Downs's challenge to it in two separate appeals. Neither the bankruptcy court, nor this District Court on appeal, has jurisdiction to overturn these decisions. In fact, the *Rooker-Feldman* doctrine specifically prohibits lower federal courts from reviewing state court decisions. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413

---

[1] The parties agreed on the record at the December 15, 2015 hearing before Chief Bankruptcy Judge Laura Grandy that a foreclosure proceeding was filed against the Property located at 3521 Steinberg Farm Road in Belleville, Illinois, that Kim Downs (formerly Kim Hawthorne) and Gerald Hawthorne were parties to that proceeding, that a judgment of foreclosure and sale was entered on June 24, 2010, that a judicial sale took place on April 25, 2011, and that an order approving that sale was entered on May 19, 2011 (*See* Doc. 53 in Bankruptcy Case No. 15-31561, p. 7-8).

(1923)); *see also In re Spencer*, 532 B.R. 303, 307 (Bankr. W.D. Wisc. 2015) ("Courts within the Seventh Circuit have consistently applied the *Rooker-Feldman* doctrine to cases in which plaintiffs ask the court to set aside a state court foreclosure judgment") (collecting cases)); *see Nora v. Residential Funding Co, LLC*, 543 F. App'x 601, 602 (7th Cir. 2013).

Downs conclusively argues on appeal that she is willing to cure the defaulted loan and maintain the mortgage payments through the Chapter 13 Plan Payments. As the Bankruptcy Court noted, however, under Illinois law, the right to cure lapses at the time of the foreclosure sale. In *Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 921 (7th Cir. 2003), the Seventh Circuit discussed whether, under Illinois law, the deadline to cure expires when the foreclosure sale is held or continues until the judicial confirmation of the sale. The Seventh Circuit ultimately concluded that the right to cure expires when the foreclosure sale is held. *Id*. Here, the foreclosure sale was held on April 25, 2011, so Downs's opportunity to cure the default on her mortgage expired more than five years ago.

The Court does not find that the Bankruptcy Court's decision was incorrectly decided. Accordingly, the Court affirms Bankruptcy Court's order lifting the automatic stay.

## Conclusion

For the reasons set forth above, the Court **AFFIRMS** the decision of the United States Bankruptcy Court for the Southern District of Illinois. The Clerk of Court shall enter judgment in favor of Appellee Federal National Mortgage Association and against Appellant Kim Downs.

IT IS SO ORDERED.

DATED:   September 13, 2016

                                                    **s/ Nancy J. Rosenstengel**  
                                                    **NANCY J. ROSENSTENGEL**  
                                                    **United States District Judge**